LAW OFFICES OF GREG W. GARROTTO
Greg W. Garrotto, State Bar #89542
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Telephone (310) 229-9200
Fax (310) 229-9209
e-mail jjggarrotto@msn.com

Attorneys for Plaintiff Julio Gomez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO GOMEZ, <br>           Plaintiff <br><br> vs. <br><br> COUNTY OF LOS ANGELES, a public entity; DEPUTY WILLIAMS, a public employee, <br>           Defendants | Case No. <br><br> COMPLAINT FOR DAMAGES BASED ON: <br><br> 1) VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. 1983 et. seq.) <br> 2) ASSAULT & BATTERY <br><br> DEMAND FOR JURY TRIAL |

**JURISDICTION**

1. This Court has jurisdiction of the within matter in that this Complaint is based on violations of Title 42 U.S.C. Section 1983 in that the Plaintiff is seeking redress for violations of his Civil Rights guaranteed under the 14th Amendment to the United States Constitution, to wit; protection against cruel and unusual

punishment and deprivation of life and liberty without due process of law.

**GENERAL ALLEGATIONS**

2. Plaintiff, Julio Gomez is at all times mentioned in this Complaint a resident of the County of Los Angeles, California.

3. Plaintiff is informed and believes and thereon alleges that at all times Defendant County of Los Angeles was a public entity and that the Los Angeles County Sheriff's Department was an agency of the Defendant County of Los Angeles. The Defendant County of Los Angeles is a Municipal Corporation or agency organized and existing by virtue of the laws and Constitution of the State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendants Deputy Williams and Does 1-10 are public employees who are members of the Los Angeles Sheriff's Department, an agency of the Defendant County of Los Angeles.

5. At all times mentioned herein, Defendants Deputy Williams and Does 1-10 were acting in the course and scope of their employment with the Defendant County of Los Angeles and therefore said Defendants are liable for the acts of said defendants and Does 1-10 under the doctrine of respondeat superior as set forth in Government Code Section 815.2(a).

6. On April 25, 2022, Plaintiff was an pre-trial detainee in the Los Angeles County Jails operated by the Los Angeles County Sheriffs Department. On said date, he was in the lockup of the Antelope Valley Courthouse. While there, he was attacked and was punched in the mouth by Defendant Deputy Williams. Said attack was unprovoked. There was no legal justification for said attack. At the time of said attack, Defendants Williams and Does 1-10 were engaged in the duties of their employment with the Los Angeles County Sheriff's Department, an agency of the County of Los Angeles. Within said course of employment, said Defendants had the duty and responsibility of acting as custodial officers in the Antelope Valley Courthouse and had the responsibility to maintain order.

7. While in the course and scope of said employment, Plaintiff was brutally assaulted and battered by Defendants Deputy Williams and Does 1-10. There was no legitimate reason of law enforcement or custodial law enforcement for said conduct. The acts of Deputy Sheriffs Williams and Does 1-10 were done with deliberate indifference and for the sole purpose of injuring Plaintiff and demeaning and dehumanizing him and creating fear in Plaintiff for his life.

9. Said conduct by Deputy Williams and Does 1-10 is evidence of a custom, unwritten policy and practice that has been known about and acquiesced in and ratified through inaction and the failure of Defendant County of Los Angeles to adopt and or implement corrective measures with the acknowledged

COMPLAINT FOR DAMAGES/DEMAND FOR JURY TRIAL

goal and intent to harass, humiliate, brutalize and demean prisoners and to cause them great emotional distress. The County of Los Angeles, the County of Los Angeles Sheriffs Department and the policy makers of said department and its employees and agents actively promote and encourage the brutal and assaultive conduct of custodial staff in the County of Los Angeles jail facilities as a means of 'maintaining control'. The policy makers of the Los Angeles County Sheriffs Department have been long aware of the culture of violence, intimidation, and dehumanizing conduct in the County jail and associated facilities. Even though there have been marginal efforts through the years to change these practices in the jails, The Defendants and each of them acted with deliberate indifference in their actions as set forth herein.

10. Plaintiff was subjected to unreasonable contact and conduct on the part of the Defendants that in fact was cruel and unusual punishment. In that it was punishment, said actions of the Defendants deprived him of liberty without due process of law. Said actions violated his civil rights guaranteed by the 14th Amendment to the United States Constitution. The unreasonable contact and conduct was not justified in that the conduct was not reasonable from the perspective of a reasonable officer on the scene.

11. As a result of said unlawful conduct on the part of Defendants, the Plaintiff was unlawfully and without reason subject to excessive and unreasonable

force and sustained special and general damages in such amounts according to proof at the time of trial.

**FIRST CAUSE OF ACTION FOR DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C., 1983, 1988) AS TO ALL DEFENDANTS**

12. Plaintiff herein incorporates paragraphs 1 through 11 as through set forth within this cause of action.

13. This is a cause of action for deprivation of constitutional rights under color of state law brought pursuant to the recodification of section 1979 of the Civil Rights Act of 1871, Title 42 U.S.C. §1983, for remedies for Defendants' deprivation of Plaintiff's civil rights. Plaintiff alleges that Defendants, each and all of them, have deprived Plaintiff of his civil rights by subjecting him to cruel and unusual punishment without due process of law, in violation of his rights guaranteed under the 14th Amendments to the Constitution of the United States of America; therefore depriving him of life and liberty.

14. The Defendants and each of them, acted with deliberate indifference which knowingly subjected the Plaintiff to acts and injuries that constituted an unreasonable deprivation of life and liberty, all in violation of the Plaintiffs rights guaranteed by the 14th Amendments to the United States Constitution. By this action, Plaintiff seeks all legal and equitable relief to which he may be entitled,

including but not limited to compensatory and punitive damages, attorneys fees and costs, prejudgment interest and injunctive relief against Defendants and each of them.

15. At all times hereinafter mentioned, Defendants Deputy Williams and Does 1-10, were acting as the agents and/or employees of the Defendant County of Los Angeles and its agency Los Angeles County Sheriffs Department, and in doing all of the things aforementioned were acting under color of their authority as such, and under color of the statutes, ordinances, regulations, customs and usages of the Defendant County of Los Angeles and Los Angeles County Sheriff's Department.

16. Said conduct by Deputy Williams and Does 1-10 is evidence of a custom, unwritten policy and practice that has been known about and acquiesced in and ratified through inaction and the failure of Defendant County of Los Angeles to adopt and or implement corrective measures. The culture and the custom and practices in the Los Angeles County Jail facilities amongst custodial personnel, ratified and supported by policy makers has been to encourage custodial personnels' conduct which has the acknowledged goal and intent to harass, humiliate, brutalize and demean prisoners and to cause them great emotional distress. The County of Los Angeles, the County of Los Angeles Sheriffs Department and the policy makers of said department and its employees

and agents actively promote and encourage the brutal and assaultive conduct of custodial staff in the County of Los Angeles jail facilities as a means of 'maintaining control'.  The policy makers of the Los Angeles County Sheriffs Department have been long aware of the culture of violence, intimidation, and dehumanizing conduct in the County jail and associated facilities.  Even though there have been marginal efforts through the years to change these practices in the jails, the Defendants and each of them have continued to act with deliberate indifference in their actions as set forth herein.

10.  Plaintiff was subjected to unreasonable contact and conduct on the part of the Defendants that in fact was cruel and unusual punishment.  In that it was punishment, said actions of the Defendants deprived him of liberty without due process of law.   Said actions violated his civil rights guaranteed by the 14th Amendment to the United States Constitution.   The unreasonable contact and conduct was not justified in that the conduct was not reasonable from the perspective of a reasonable officer on the scene.  A custodial officer such as Defendants Williams and Does 1-10 may not punish a pretrial detainee.

17.  At the time of said April 25, 2022 incident, Deputy Williams and Does 1-10 used unreasonable force on Plaintiff which cannot be justified by any standard of 'reasonableness'.

18.  The actions of the defendants and each of them deprived the Plaintiff of

his constitutional rights guaranteed under the 14th Amendment to the United States Constitution which prohibit cruel and unusual punishment as to pre-trial detainees.

19. By reason of the Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured by the Constitution of the United States and the laws thereunder in that said detention deprived the Plaintiff of life and liberty without due process that is guaranteed under the 14th Amendment to the United States Constitution.

20. As a result of the Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has sustained great physical and mental pain and suffering and special and general damages, all in amounts according to proof at the time of trial

21. The above recited action of Defendants in depriving Plaintiff of his constitutionally protected rights were done with evil motive or intent, or with reckless, callous and deliberate indifference to cause Plaintiff unnecessary and wanton infliction of pain.

**SECOND CAUSE OF ACTION FOR ASSAULT AND BATTERY AS TO DEFENDANTS WILLIAMS AND DOES 1-10**

22. The Plaintiff herein incorporates by reference Paragraphs 1-21 as though set forth in full herein.

23. Defendant Deputy Williams and Does 1-10 at the time noted herein

unlawfully assaulted and battered the Plaintiff; said contact being unconsented to. The Defendant County of Los Angeles, as the employer of Defendants Deputy Williams and Does 1-10, had advanced knowledge of the unfitness of said Defendants or ratified their acts or knew that such unlawful acts were foreseeable to occur in the ordinary course and scope of the employment of said Defendants which imputes vicarious liability onto the Defendant County of Los Angeles under the doctrine of respondeat superior as set forth in <u>Government Code</u> Section 815.2(a).

24.  The Plaintiff suffered grievous injuries and damages as a result of the wrongful conduct of Defendants and as a consequence sustained pain, suffering and general damages in amounts that are within the jurisdictional limit of this court.

25.  The Plaintiff has timely filed a Government Tort Claim which was denied by the Defendant County of Los Angeles.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For the reasonable value of such medical expenses, past and future, according to proof,

3. For other special damages according to proof;

4. For Punitive Damages in an amount appropriate to punish Defendants Deputy Sheriff Williams and Does 1-10 for their wrongful conduct and set an example for others;

5. For reasonable attorney fees pursuant to Title 42 U.S.C. Section 1988;

6. For such other and further relief as the Court may deem just and proper.

Dated: 8/31/2022                    LAW OFFICES OF GREG W. GARROTTO

                                        /s/Greg W. Garrotto
                                        GREG W. GARROTTO

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby request a jury trial pursuant to Federal Rules of Civil Procedure Section 38.

Dated: 8/31/2022        LAW OFFICES OF GREG W. GARROTTO

/s/Greg W. Garrotto
GREG W. GARROTTO